UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PADMAJA CHOWDHARY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-03321 |
| DEBT RECOVERY SOLUTIONS, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes PADMAJA CHOWDHARY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DEBT RECOVERY SOLUTIONS, LLC ("DRS" and "Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for DRS's unlawful conduct.

2. Plaintiff also brings this action pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 et seq., for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

3. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises

under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

5. Plaintiff is a 54-year-old natural person residing in Plainfield, Illinois, which falls within the Northern District of Illinois.

6. DRS is a debt collection company that claims to have "more than 30 years of collection experience."[1] DRS's principal office is located at 900 Merchants Concourse, Ste. LL-11, Westbury, New York 11590. DRS regularly collects upon consumers located in the state of Illinois.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Prior to the conduct giving rise to Plaintiff's claims, Plaintiff allegedly defaulted on payments to ICOT Hearing Systems, LLC d/b/a Listenclear ("ICOT") for a hearing aid that she purchased and utilized for personal use.

9. Plaintiff's default caused ICOT to assert that she owed a balance of $599.94 ("subject consumer debt") related to the hearing aid.

---

[1] https://www.dbtsolutions.com/

10. On or around December 18, 2017 Plaintiff fully satisfied the subject consumer debt owed to ICOT. As part of the satisfaction, ICOT coveted to Plaintiff that she no longer had any obligation on the subject consumer debt.

11. Following Plaintiff's default and satisfaction of the subject consumer debt, ICOT intentionally sold the subject consumer debt to DRS for a financial gain.

12. DRS purchased the subject consumer debt for financial gain.

13. On or around April 14, 2020, Plaintiff received a collection letter from DRS seeking payment of the subject consumer debt

14. DRS, in its collection letter, stated "All communication, correspondence and payment should be directed to this office."

15. DRS intentionally attempted to mislead Plaintiff into paying the subject consumer debt, which she did not owe.

16. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in exhausting time and resources.

17. Plaintiff has been treated unfairly, harassed, and misled by the conduct of Defendant. Thinking the subject consumer debt was fully satisfied, Plaintiff tried to move on with her life. Receiving the collection letter from DRS has re-opened a wound that she thought had healed.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, anxiety, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though full set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. DRS is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. DRS is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. DRS has been a member of the Association of Credit and Collection Professionals, and association of debt collectors since 2002.[2]

23. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692d

24. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

25. DRS violated §1692d when it intentionally attempted to extract payment from Plaintiff on a debt she did not owe. Attempting to collect on a debt when Plaintiff has no underlying obligation is conduct which had the natural consequence of harassing, oppressing, and abusing Plaintiff.

### b. Violations of FDCPA § 1692e

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

---

[2] https://www.acainternational.org/search#memberdirectory

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. DRS violated §1692e, e(2), and e(10) when it attempted to collect upon a debt which Plaintiff did not owe. It was a false representation as to the character of the subject consumer debt for DRS to suggest that Plaintiff owed the debt, even though Plaintiff's obligation on the subject consumer debt was discharged. One of the core purposes of the FDCPA is to prevent and restrain debt collectors from attempting to collect debts which have already been satisfied, underscoring how DRS's conduct posed a material risk of harm to Plaintiff interests provided to her under the FDCPA.

### c. Violations of FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. DRS violated §1692f when it unfairly and unconscionably attempted to collect on a debt by representing to Plaintiff that she owed the subject consumer debt, when in reality she did not. It is undoubtedly unfair and unconscionable for a debt collector like DRS to attempt to extract payment from Plaintiff even though Plaintiff had no obligation on the debt upon which DRS sought collection.

31. Plaintiff has been harmed and suffered damages as a result of DRS's illegal actions.

WHEREFORE, Plaintiff PADMAJA CHOWDHARY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II - CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

34. DRS's collection attempts constitutes "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

35. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

36. DRS violated 815 ILCS 505/2 when it unfairly and unconscionably attempted to collect on a debt by representing to Plaintiff that she owed the subject consumer debt, when in reality she did not. It is undoubtedly unfair and deceptive for a debt collector like DRS to attempt to extract payment from Plaintiff even though Plaintiff had no obligation on the debt upon which DRS sought collection.

37. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

38. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

39. Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff PADMAJA CHOWDHARY, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as the Honorable Court deems just and appropriate.

Dated: June 5, 2020

Respectfully submitted,

s/ Nathan C. Volheim

Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com